# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **PERRIN TAYLOR** | **CIVIL ACTION NO. 12-2719-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **MIRAM HENNIGAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Perrin Taylor ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 18, 2012. Plaintiff is currently incarcerated at the Winn Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Miram Hennigan and Nurse Joe as defendants.

Plaintiff claims Nurse Miran Hennigan denied his requests for medical attention after he had a couple of accidents. He claims that while working in the field, his shoulder snapped and an officer gave him permission to request medical treatment. He claims he was involved in a wreck in 1993 and recently fell out of his bed. He claims Nurse Joe ignored his request for medical treatment. He claims his right shoulder was x-rayed but his left

shoulder was not after he fell off the top bed and the toilet. Plaintiff claims he was told to take Tylenol when he requested medication. Plaintiff claims he should have been examined by a doctor, his left shoulder should have been x-rayed, and he should have been prescribed pain medication.

Plaintiff claims he suffered continuous pain and his bone snaps at work when he swings the blade.

Plaintiff claims his disciplinary rule report was fabricated and resulted in a sentence of 60 days loss of good time and 12 weeks loss of exercise.

Plaintiff seeks medical treatment, monetary compensation, and review of his disciplinary conviction and sentence. For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Denial of Medical Care**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical

needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen by Nurse Hennigan and Nurse Joe. He further admits that his right shoulder was x-rayed and he was told to take Tylenol. He disagrees

with his medical treatment because he was not examined by a doctor, his left shoulder was not x-rayed, and he was not prescribed pain medication. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's denial of medical treatment claims should be dismissed with prejudice as frivolous.

**False Disciplinary Report**

To the extent Plaintiff claims Defendants filed a false disciplinary report against him, Plaintiff has no right which protects him from being charged with a disciplinary offense.

This is true regardless of the truth of the initial report. <u>Freeman v. Rideout</u>, 808 F.2d 949, 952 (2nd Cir. 1986); <u>Hanrahan v. Lane</u>, 747 F.2d 1137, 1140-41 (7th Cir. 1984); <u>Cardine v. Tucker</u>, 23 F.3d 406 (6th Cir. 1994). Accordingly, in the instant case, even if the actions of Defendants resulted in false disciplinary action being taken against him, Plaintiff's claim against them is not cognizable because he has no constitutional protection from being wrongly charged with a disciplinary offense.

Accordingly, Plaintiff claims regarding the false disciplinary report should be dismissed with prejudice as frivolous.

**Habeas Claim**

Plaintiff alleges that his disciplinary conviction and sentence are unlawful and seeks restoration of his good time credits. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a <u>habeas corpus</u> proceeding. This determination is made by focusing on "the scope of relief actually sought." <u>Alexander v. Ware</u>, 417 F.2d 416, 419 (5th Cir. 1983); <u>Serio v. Members of the La. State Bd. of Pardons</u>, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of <u>habeas corpus</u>. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States

Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)).  Plaintiff is challenging his disciplinary conviction and sentence and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time.  Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States,"  28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies.  See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982).  From the information provided in Plaintiff's complaint, he has not challenged his disciplinary sentence in the state court system. [Doc. 13, p. 3]. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and his request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of April, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge